UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jahmel Kendall<br>3864 Cambridge St.<br>Philadelphia, PA 19104 | :<br>:<br>:<br>: |
| Plaintiff, | : NO.: 14-7032 |
| v. | : |
| Officer Lopez, individually and in his<br>official capacity as Officer for the<br>Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: **JURY TRIAL DEMANDED** |
| And | : |
| Charles Ramsey, individually and in his<br>official capacity as Commissioner of the<br>Philadelphia Police Department<br>One Franklin Square<br>Philadelphia, PA 19106 | :<br>:<br>:<br>: |
| And | : |
| City of Philadelphia<br>d/b/a Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102 | :<br>:<br>:<br>: |
| And | : |
| John Does 1-10 | : |
| Defendants. | : |

**FILED**

FEB -2 2015

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

**II.    Parties**

3. Plaintiff, Jahmel Kendall is an adult individual, currently residing at the above captioned address.

4. Defendant, Officer Lopez, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Defendant, Philadelphia Police Department, as well as in his official capacity as Officer, acting under color of State Law.

5. Defendant, Charles Ramsey, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Defendant, Philadelphia Police Department, as well as in his official capacity as Commissioner, acting under color of State law.

6. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were principals, supervisors, agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiff hereunder.

**III.   Operative Facts**

7. On or about February 11, 2014, around 4 p.m., Marquise Williams was murdered on the corner of 40th and Poplar streets in Philadelphia, PA.

8.     Around 9:30 p.m., the same day, several Defendants, John Does, Philadelphia police officers came to Plaintiffs home at 3864 Cambridge St. and knocked on Plaintiff's door. Plaintiff was inside with his girlfriend, 2-year-old son, and two friends. Plaintiff had resided at his home for approximately two (2) years.

9.     Surprised by the police, Plaintiff said, "Oh, it's the cops!"

10.    A Defendant, John Doe, police officer replied, "Your fucking right it's the cops. Now open the door!"

11.    When Plaintiff complied and opened the door, approximately three (3) John Does, police officers immediately rushed in with guns drawn. Two of the officers wore uniforms and one wore plain clothes.

12.    About (2) more officers remained on Plaintiff's porch – also in plain clothes.

13.    Plaintiff verbally tried to stop the officers from entering his home by saying, "You cannot come in," and "I don't give you permission to come in." Plaintiff did not consent to the officers entering his home.

14.    Plaintiff then asked why the officers were there and whether they had a warrant.

15.    A Defendant, John Doe, police officer responded, "We don't need no fucking warrant. Somebody was killed earlier around the corner. This is a special situation."

16.    Defendants, John Does, officers searched and interrogated Plaintiff. Defendant, Officer Lopez was especially disrespectful to everyone in the home – particularly towards Plaintiff's girlfriend. Lopez also used vulgar language in front of Plaintiff's 2-year-old son. Upon information and belief, Lopez was Hispanic. Lopez wore a uniform. The officer inside Plaintiff's home, Defendant, John Doe, wearing plain clothes was African American and told Plaintiff he was a detective.

17. Upon information and belief, the police were searching for a man named Antoine Ball who was a suspect in the aforementioned murder. Upon information and belief, Ball resided in Plaintiff's home before Plaintiff.

18. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Specifically, Defendants enter homes without warrant or consent and search and seize citizens without probable nor any cause – or any meaningful investigation whatsoever.

### IV. Causes of Action

#### COUNT I
#### Wrongful Search and Seizure

19. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

20. At the time of Defendants' conduct, Plaintiff had not committed any infraction or otherwise to legally justify the search and seizure used by Defendants.

21. Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

22. Defendants caused Plaintiff to suffer a violation by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as State law.

#### COUNT II
#### *Monell*

23. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

24.     Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights. Specifically, Defendants enter homes without warrant or consent and search and seize citizens without probable nor any cause – or any meaningful investigation whatsoever.

25.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

26.     Plaintiff suffered harm due to Defendants' conduct.

## V.     Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

  a. Statutory damages;
  b. Compensatory damages, including;
      i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, attorneys fees related to the criminal defense, and emotional distress;
      ii. Attorneys' fees and expenses, and costs of suit.
  c. Injunctive relief, including;
      i. Monitoring and training.


WEISBERG LAW

_____
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jahmel Kendall | : | |
| Plaintiff, | : | NO.: 14-7032 |
| v. | : | |
| Officer Lopez, individually and in his official capacity as Officer for the Philadelphia Police Department, et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 2nd day of February, 2015, a true and correct copy of the foregoing Plaintiff's First Amended Civil Action Complaint was served via regular mail, upon the following parties:

Michael R. Miller, Esquire
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

WEISBERG LAW

_____
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff